Dear Mr. Speed:
This office is in receipt of your request for an opinion of the Attorney General in regard to whether the Tangipahoa Parish Council-President Government can implement zoning and planning in the southern portion of Tangipahoa Parish and create a district overseen by a Board of Commissioners to implement the proposed zoning.
In Attorney General Opinion No. 94-370, we were of the opinion that if a Home Rule Charter Government had no provisions for a planning commission to implement zoning regulations, they could avail themselves of the provisions in LSA-R.S. 33:102 et. seq. and adopt by ordinance, a planning commission.
Upon review of the Home Rule Charter For A Council-President Government For Tangipahoa Parish we found no such provisions for a planning commission. LSA-R.S. 33:102 provides:
 Every parish and every municipality may make, adopt, amend, extend, add to, or carry out official plans as provided in this Sub-part, and may create by ordinance a planning commission with the powers and duties herein set forth and may appropriate funds for the commission.
The Louisiana Supreme Court has recently stated that land use and zoning is best accomplished at a local level, and that Article VI, Section 17, expressly grants to local governments the power to enact zoning regulations. St. Charles Gaming Co., Inc., v. Riverboat GamingCom., 94-2697 (La. 1/17195) 648 So.2d 1310. The Supreme Court further stated that "this grant of home rule authority must be interpreted broadly . . ." and "home rule powers, functions and immunities are to be construed fairly, genuinely, and reasonably, and any claimed exceptions to them should be given careful scrutiny by the courts". Id at pg. 6 (648 So.2d at 1316).
Thus, it is the opinion of this office that the Tangipahoa Parish Council-President Government can enact an ordinance creating a planning commission to implement zoning.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc
OPINION NUMBER 94-370
August 30, 1994
174 Zoning R.S. 33:103
If the home rule charter has no provision for the planning and zoning commission, R.S. 33:103 applies which gives the mayor unrestrained authority to appoint the commissioners and an ordinances restricting this authority would conflict with state law.
Mr. Charles R. McKaskle Mayor, City of Hammond P.O. Box 2266 Hammond, LA 70404
Dear Mayor McKaskle:
This office is in receipt of your request for an opinion of the Attorney General in regard to requirements for membership on the municipal planning and zoning commission. Your questions are as follows:
 1. Does L.R.S. 33:4721 through 4732 require that the municipal planning and zoning commission be composed of members who are landowners and qualified voters within the municipality;
 2. May the City Council of Hammond lawfully adopt amendments to Section 24-53 through 24-58 to require that all members of the Hammond Planning and Zoning Commission be landowners, qualified voters and residents of the City of Hammond;
 3. May a member of the Planning and Zoning Commission be removed for cause based on the member's failure to maintain status as a landowner, qualified voter or resident.
In answer to your first question, the requirement of R.S. 33:4727 that the members be landowners and qualified voters is relative to members of the board of adjustment, and not the zoning and planning commission. The Board of Adjustments acts in place of the local City Council and exercise's the Council's legislative power for purposes of hearing appeals concerning zoning issues. Atty. Gen. Op. No. 94-236.
Under R.S. 33:102 every parish and every municipality may create by ordinance a planning commission which will also constitute a zoning commission by R.S. 33:106. R.S. 33:103 provides the municipal planning commission shall consist of not less than five nor more than six members at the discretion of the local legislative body, "all to be appointed by the chief executive of the municipality".
This office in Atty. Gen. Op. No. 86-744 stated it examined R.S. 33:103
regarding membership on the municipal planning commission which by virtue of R.S. 33:106 constitutes a municipal zoning commission, and could not find a prohibition against the appointment of a non-resident zoning commissioner. The only requirements found were that the chief executive of the municipality make the appointment and they may be removed after a public hearing for inefficiency, neglect of duty or malfeasance in office.
However, 1990 R.S. 33:103 was amended by Act 699 of as follows:
 Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law. (Emphasis added.)
Since you state the City of Hammond is governed by a Home Rule Charter this provision is pertinent in determining the answer to your remaining two questions. It clearly states when the charter provides for a planning commission or otherwise provides for the functions of a planning commission to be performed by a board or commission the provisions as set forth in the statute concerning membership, appointment, organization and structure shall not be applicable. Therefore, the proposed amendments must be considered in light of the charter provisions to determine if there is any conflict with the charter and if the statutory provisions concerning membership and appointment are applicable or not.
If the charter has no provisions for the commission so that the statute is applicable, R.S. 33:103(B) gives the local legislative body the discretion as to the number of members between five and nine which will constitute the commission, but the mayor is given the unrestrained authority to make the appointments. We believe the proposed amendments would infringe upon this legislative delegation of authority.
We hope this gives you sufficient information in answer to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
OPINION NUMBER 94-236
June 1, 1994
174 ZONING R.S. 33:4724A.(1)
The Zachary Board of Adjustment has the authority to hear the appeal of those cases which arise after the creation of the Board by the City Council and not those cases which were pending before the City Council prior to the Board's creation
Todd W. Hernandez, Chairman Zachary Board of Adjustment Sherwood Towers Bldg. Ste. 660 3636 S. Sherwood Forest Blvd. Baton Rouge, LA 70816
Dear Mr. Hernandez:
Your request for an opinion of the Attorney General regarding the Zachary Board of Adjustment has been assigned to me for consideration and response. Your request concerns the jurisdiction of the recently appointed Board of Adjustment. Specifically, you ask:
 Does the Board of Adjustment, which is created by local ordinance and appointed by the city council, have the authority to hear an appeal of zoning actions taken by the local zoning commission and then by the city council? Does the Board have the authority to reverse, affirm or amend actions of the city council?
Your questions arise from a complaint filed against the City of Zachary with respect to a decision made by the zoning commission and then appealed to the City Council, which prior to appointment of the Board served as the local board of adjustment. On appeal, the City Council ruled against the complainant who then asked for a hearing before the newly appointed Board of Adjustment.
Since the receipt of your opinion request, I have been informed that the Board of Adjustment has refused to hear an appeal of the City Council's decision on the basis that the Board has no jurisdiction over this particular case.
Your question, therefore, is essentially whether the Board of Adjustment may be convened to hear an appeal of actions taken by the City Council in a matter which originated prior to the appointment of the Board of Adjustment.
LSA-R.S. 33:4724A.(1) provides:
 The local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restriction adopted pursuant to the authority of R.S. 33:4721 through R.S. 33:4729 may provide that the board may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules contained therein.
Thus, according to LSA-R.S. 33:4727A.(1) the City Council is permitted to create a Board of Adjustment. Any person aggrieved by a decision of the local administrative officer may file an appeal with the Board within a reasonable time. LSA-R.S. 33:4727A.(2)(a).
Upon creation by the City Council, the Board of Adjustment acts in place of the local City Council and exercises the Council's legislative power for purposes of hearing appeals concerning zoning issues. The Board of Adjustment has jurisdiction, or power, to hear appeals of those cases which arise once the Board has been created. Unless specifically provided for by the City Council, the Board would have no power to hear the appeal of a matter pending before the City Council prior to creation of the Board.
Further, it is the opinion of this writer that to require an aggrieved person to exhaust another level of appeal imposed by the City Council while his or her case is pending, before being able to exercise his or her statutory right to appeal to the local district court, would be overly burdensome.
Therefore, it is the opinion of this office that the Board of Adjustment has the authority to hear the appeal of those cases which arise after the creation of the Board by the City Council and not those cases which were pending before the City Council prior to the Board's creation.
I hope that this has adequately answered your question. If you require any further assistance, please do not hesitate to call upon this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP:pb/2065o
OPINION NUMBER 86-744
November 12, 1986
La.R.S. 33:103; 33:106; 33:103(B)
A zoning commissioner does not have to reside within the city limits to be appointed to the zoning commission.
Honorable Mary Ellen Armitage Mayor Village of Folsom Post Office Box S Folsom, Louisiana 70437
Dear Ms. Armitage:
You have asked for an opinion from this office as to whether a non-resident of the village of Folsom may serve on the municipal zoning commission.
We have examined the requirements of La.R.S. 33:103 regarding membership on the municipal planning commission which by virtue of La.R.S. 33:106 also constitutes a municipal zoning commission and we are unable to find a prohibition against the appointment of a non-resident zoning commissioner.
The zoning commissioner is appointed by the chief executive of the municipality and may be removed after public hearing for inefficiency, neglect of duty or malfeasance in office. La.R.S. 33:103 (B). As far as we can discern these are the only requirements for holding the position.
Consequently, we advise that even though a member of the municipal zoning commission lives outside of the jurisdiction of the city, he may be appointed on the city zoning commission.
If we may be of further service in this matter, please advise us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ________________________ DAVID C. KIMMEL Assistant Attorney General
DCK/cl